[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00033-CV-1-MMP-AK

JACQUELINE DAVIS-O'BRIEN,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 16, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Jacqueline Davis-O'Brien appeals the district court's order affirming the

Social Security Commissioner's denial of Davis-O'Brien's application for disability insurance benefits. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove that she is disabled. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

has a severe impairment;[2] (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

On appeal, David-O'Brien argues that the ALJ erred by concluding implicitly that Dr. Ernesto Lamadrid -- one of the doctors who treated her at the Alachua County Health Department and completed a physical capacity evaluation and mental assessment questionnaire of Davis-O'Brien -- was not her treating physician. She also contends that no good cause existed for not according Lamadrid's opinion substantial weight.

Absent "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician. Crawford, 363 F.3d at 1159 (citation omitted).[3] Good cause exists under these circumstances: (1) the treating physician's opinion was not bolstered by the evidence; (2) evidence

---

[2]Here, the ALJ concluded that Davis-O'Brien had severe impairments of chronic bilateral carpel tunnel syndrome, degenerative disc disease of the spine, and affective mood disorder.

[3]A treating physician is the medical professional "most able to provide a detailed, longitudinal picture" of the claimant's medical impairments and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The ALJ clearly must articulate reasons for giving less weight to the treating physician's opinion. Id. at 1241.

Even assuming that Lamadrid was Davis-O'Brien's treating physician as she asserts[4], the ALJ correctly discounted Lamadrid's opinion because his assessment of Davis-O'Brien's mental and physical limitations was inconsistent with other medical evidence in the record. For instance, Lamadrid concluded that Davis-O'Brien could walk only one hour in an eight-hour workday; but other doctors who examined her concluded that Davis-O'Brien was capable of performing most work-related activities that did not require heavy lifting and could walk normally. Another doctor who conducted an RFC assessment of Davis-O'Brien concluded that she could walk for about six hours in an eight-hour workday.

Lamadrid also concluded that Davis-O'Brien had marked restrictions in activities of daily living and only a fair ability to complete a normal workday without interruptions from psychologically-based symptoms. But other examining doctors concluded that she had only mild restrictions in activities of daily living

---

[4]Davis-O'Brien testified that she thought Lamadrid treated her twice.

and that she could meet the general demands of light duty work. In addition, as the ALJ noted, the single assessment by Lamadrid did not indicate the length or frequency of his treating relationship with Davis-O'Brien. Thus, substantial record evidence supports the ALJ's decision to discount Lamadrid's opinion about Davis-O'Brien's physical and mental limitations.

We turn to Davis-O'Brien's argument that the ALJ erred in concluding, at step five, that she could perform other jobs in the national economy because the ALJ did not pose hypothetical questions to the vocational expert ("VE") that accurately reflected all of Davis-O'Brien's work limitations. At the fifth step, the "preferred method" of demonstrating that a claimant can perform other jobs is through the testimony of a VE. Wilson, 284 F.3d at 1227. For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. Id. But the ALJ is not required to include in the question claims of impairments that are unsupported. Crawford, 363 F.3d at 1161.

Davis-O'Brien argues that the ALJ should have included in the hypothetical question to the VE the limitations articulated by Lamadrid, including that she had marked restrictions in activities of daily living and had a fair ability to function in other areas. But, as noted above, the ALJ had good cause to discount Lamadrid's

opinion of Davis-O'Brien's abilities based on contradictory medical evidence; so, the ALJ was not required to include Lamadrid's findings in the hypothetical questions to the VE.  See id.

Davis-O'Brien also argues that the ALJ should have included limitations articulated by two other doctors in the ALJ's hypothetical question.[5] But Davis-O'Brien never raised this claim about these certain doctors and limitations before the administrative agency or the district court.  Thus, she has waived the issue; and we need not consider it now.  See Kelley v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999) (explaining that arguments not raised before the administrative agency or the district court will not be considered on appeal).

Therefore, Davis-O'Brien's arguments do not evidence error on the part of the ALJ in its hypothetical questions to the VE.

AFFIRMED.

---

[5]These doctors' assessments included that Davis-O'Brien had a "moderate inability" to maintain attention and concentration for extended periods, perform at a consistent pace, and accept instructions and respond appropriately to criticism from supervisors and a "moderate inability" to understand and remember detailed instructions.